# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4198 | **DATE** | February 10, 2010 |
| **CASE TITLE** | Casares v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Based on the submissions of the parties and their oral arguments on February 8, 2011, Defendants' Combined Motion to Substitute Counsel, to Set Briefing Schedule on Motion for Summary Judgment, and to Re-set Pre-Trial Order Dates [158] is granted in part and denied in part. The court granted Defendants' motion on February 8, 2011, permitting the new attorneys to file their appearances. Defendants' request to set a briefing schedule for a summary judgment motion is denied. Defendants' request to reset the due date for the joint pre-trial order and motions in limine is granted. Parties are ordered to file their joint pre-trial order and motions in limine by March 31, 2011. Parties may file responses to the opposing party's motions in limine by April 11, 2011. A hearing on the motions in limine will be held on April 15, 2011, at 11:00 a.m. in courtroom 1003 (please note the courtroom change). Pretrial conference will be held on May 18, 2011, at 11:00 a.m. in courtroom 1944D. Jury trial set for June 6, 2011, starting at 9:30 a.m. Plaintiffs' Motion to Strike [161] is denied as moot.

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Discovery in this case closed on November 15, 2010. Accordingly, under Federal Rule of Civil Procedure 56(b), the deadline for filing a motion for summary judgment expired on December 15, 2010. Although this court has the discretion to extend the summary judgment motion deadline, for the reasons set forth below, Defendants' request for leave to file a belated motion for summary judgment is denied.

Defendants propose to move for summary judgment based on their theory that Plaintiffs' excessive-force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff convicted of a crime cannot maintain a claim under 42 U.S.C. § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. This lawsuit is premised on Plaintiffs' contention that Defendant officers used excessive force in executing their arrest. Plaintiffs were both convicted of resisting arrest and Daniel Casares was convicted of battery of an officer in connection with the events underlying this action. Although Plaintiffs carefully crafted their complaint to avoid any reference to factual allegations that may directly or indirectly attack their criminal convictions, Defendants assert that in the course of their depositions Plaintiffs denied that they resisted arrest and Daniel further denied striking an officer. Defendants seek leave to file a motion for summary judgment arguing that Plaintiffs' deposition testimony denying the underlying facts of their criminal convictions amount to a collateral attack on their criminal convictions and thus trigger the *Heck*-bar.

Defendants' request for leave to file a belated summary judgment motion is denied. First, Defendants have not offered any good cause why they were unable to formulate their *Heck* theory within the time-frame set forth in

| STATEMENT |
|---|

Rule 56(b) or why a change in counsel after the deadline has expired should reopen that time-frame. Notably, when the court asked Defendants at a status hearing on November 15, 2010, whether they wished to file a motion for summary judgment, they responded in the negative. Second, Defendants' request is premised on the notion that Plaintiffs are entitled to proceed with their claims only if they admit to the facts supporting their criminal convictions. The Seventh Circuit has rejected that premise. *See Evans v. Pokson*, 603 F.3d 362, 364 (7th Cir. 2010) (reversing a grant of summary judgment on *Heck* grounds and noting that a plaintiff "need not repudiate his allegation that he did nothing wrong in order to maintain that he was the victim of excessive force"); *Gilbert v. Cook*, 512 F.3d 899, 901-02 (7th Cir. 2008) (refusing to accept plaintiff's confession of offense as prerequisite to a civil remedy against a public official who responds with excessive force). The Seventh Circuit has instructed that a plaintiff should be allowed to argue that officials "violated my rights by injuring me, whether or not I struck first." *Gilbert*, 512 F.3d at 902. It has instructed the district court to implement *Heck* in these circumstances "through instructions to the jury at the start of trial, as necessary during the evidence, and at the close of the evidence." *Id.* As the Seventh Circuit explained, "[i]t would have sufficed to tell the jurors that [the plaintiff] struck the first blow during the fracas . . . that any statements to the contrary by [the plaintiff] (as his own lawyer) or a witness must be ignored, and that what the jurors needed to determine was whether the guards used more force than was reasonably necessary to protect themselves from an unruly prisoner." *Id.*

Because Defendants have not shown good cause and because the parties will have the opportunity to address the *Heck* issue in motions in limine and proposed jury instructions, Defendants' request for leave to file a belated summary judgment motion is denied.