# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 4198 | **DATE** | May 31, 2011 |
| **CASE TITLE** | Casares v. Bernal et al | | |

**DOCKET ENTRY TEXT**

On May 20, 2011, this court issued a memorandum opinion and order resolving the parties' motions in limine. Plaintiffs Daniel and Karina Casares have submitted a supplement to their motion numbers 5 and 22 seeking to exclude evidence of two witnesses' drug and/or alcohol use before, on the date of, or after the underlying incident. For the reasons set forth below, the request is granted with respect to pre- and post-occurrence use (Pls.' Mot. # 5), but denied with respect to their possession of drugs or alcohol during the underlying incident (Pls.' Mot. # 22).

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

In the opinion resolving the parties' motions in limine this court granted Plaintiffs' motion # 5 to exclude evidence of their pre- and post-occurrence use of drugs or alcohol, but denied their motion # 22 to exclude evidence that they were under the influence of drugs or alcohol at the time of the underlying incident. (R. 252.) Because Plaintiffs' motion # 5 sought to exclude evidence of pre- and post-occurrence drug and alcohol use by the other two occupants of the car, but their motion # 22 did not develop an argument with respect to use or possession by the other occupants at the time of the incident, the court invited Plaintiffs to "submit a brief supplemental motion regarding the driver's and passenger's drug or alcohol use or possession as it relates to the underlying incident." (Id. at 24 n.2.) Plaintiffs submitted their supplement and Defendants have filed a response. (R. 253, 256.)

To the extent that Plaintiffs seek to include the other two occupants of the car, Vanessa Almanza and Salvador Casares, Jr., within the ruling on their motion # 5, the request is granted. This court excluded evidence of pre- and post-occurrence drug or alcohol use by Plaintiffs because it has no probative value and would tend to lead the jury to draw impermissible conclusions regarding their character. (R. 252 at 21.) The ruling extends to Mr. Casares, Jr. and Ms. Almanza.

To the extent Plaintiffs seek to bar evidence that Ms. Almanza and Mr. Casares, Jr. were arrested on the day in question for possession of marijuana, that motion is denied. Plaintiffs argue that this evidence is irrelevant to the question whether Defendants used excessive force in the course of arresting Plaintiffs. But as Defendants point out, evidence regarding the non-party arrests is relevant to explain the events that led to the alleged use of excessive force. The drug arrests were the triggers for the officers' decision to impound the car in which Daniel was seated and led to their subsequent request that Daniel exit the car. There is also evidence that the decision to impound the car sparked Karina's behavior at the scene to which Defendants responded with some level of force. Moreover, two of the Defendants will testify that they were at the other end of the alley completing the

arrests of Ms. Almanza and Mr. Casares, Jr. at the time the allegedly excessive force unfolded. Thus the details of the non-party arrests are highly relevant to their respective alibis.

Plaintiffs also argue that they "would be unfairly prejudiced by association with individuals who were arrested for drug possession when the Plaintiffs were not." (R. 253 at 4.) But prejudice resulting from such association, if any, does not substantially outweigh the probative value of the evidence Plaintiffs seek to bar.